**FRANCIS LAW**
Christian W. Francis, Esquire
PA ID #316620
600 Jefferson Ave.
Scranton, Pennsylvania 18510
Cwf@570Law.com
570-871-0558

| | |
|---|---|
| SUSAN MARCERO<br><br>                    Plaintiff,<br><br>v.<br><br>WALMART INC.<br><br>and<br><br>WALMART STORE #2255<br><br>                    Defendants. | **IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY**<br><br><br>CIVIL ACTION - LAW<br><br><br>JURY TRIAL DEMANDED<br><br><br>NO. 2021-CV-12154 |

## <u>NOTICE TO DEFEND</u>

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiffS. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

North Penn Legal Services, Inc.          PA Lawyer Referral Service
108 North Washington Avenue          PO Box 186
Scranton, PA 18503                          Harrisburg, PA 17108

(570)342-0184                                    (800) 692-7375


                                    Respectfully Submitted,

                                    **FRANCIS LAW**



Date: April 13, 2022          Signature:_____

                                    Christian W. Francis, Esq.
                                    FRANCIS LAW
                                    600 Jefferson Ave.
                                    Scranton, PA 18510
                                    (570) 871-0558
                                    *Counsel for Plaintiff, Susan Marcero*

**FRANCIS LAW**
Christian W. Francis, Esquire
PA ID #316620
600 Jefferson Ave.
Scranton, Pennsylvania 18510
Cwf@570Law.com
570-871-0558

| | |
|---|---|
| SUSAN MARCERO<br><br>                     Plaintiff,<br><br>v.<br><br>WALMART INC.<br><br>and<br><br>WALMART STORE #2255<br><br>                     Defendants. | **IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY**<br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED<br><br>NO. 2021-CV-12154 |

## **COMPLAINT**

**AND NOW COMES** the Plaintiff, **SUSAN MARCERO**, by and through counsel, Christian W. Francis, Esq. and Francis Law, and complain against the above-named Defendants, **WAL-MART INC.  and WALMART STORE #2255** as follows:

1.      Plaintiff, **SUSAN MARCERO** (hereinafter "Plaintiff") is an adult individual who resides at 1512 Hazleton Apartments, Hazle Twp, 18202, Luzerne County, Pennsylvania.

2.      Defendants**, WAL-MART INC.  and WALMART STORE #2255** (collectively hereinafter "Defendants") is a business entity which owns and operates a grocery store located at 761 Airport Road, Hazelton, 18202, Luzerne County, Pennsylvania.

3.      At all times relevant hereto, **DEFENDANTS** were responsible for the care, inspection, management, maintenance and condition of the property, within the store, Wal-Mart, at 761 Airport Road, Hazelton, 18202, Luzerne County, Pennsylvania.

4.      On or about December 14, 2019, **PLAINTIFF**, a business invitee, was lawfully on the **DEFENDANTS'** premises.

5.      At all times relevant hereto, **DEFENDANTS** owned and operated the premises, which includes an entryway vestibule area, which it had a duty and responsibility to maintain.

6.      Further, **DEFENDANTS** had a duty to maintain the premises and keep a safe condition of the premises so that patrons such as Plaintiff would not be injured.

7.      While entering the **DEFENDANTS'** premises for the purpose of shopping as a business invitee, **PLAINTIFF** entered the entryway vestibule when she slipped and fell on the wet floor in the space between two dislodged rugs where water had accumulated.

8.      Had appropriate care been taken by **DEFENDANTS**, the rugs would have been properly placed so that hazards such as accumulating water were not present and/or mitigated so business invitees could safely traverse the area.

9.      At all times relevant hereto, there were no signs, no cones, no markers of any kind indicating a wet floor or any sort of hazardous condition.

10.     **DEFENDANTS** either knew, or should have known, of the water on the floor because of their proximity to the hazard or through normal exercise of duty to keep the property safe for patrons.

11.     **DEFENDANTS** either knew, or should have known, of the dangerous condition caused by the misplaced and/or defective rugs/mats which attributed to or directly caused **PLAINTIFF** to fall and be injured.

12.     Following the incident, **DEFENDANTS** were immediately made aware of the incident and the condition of the entryway vestibule.

13.     **DEFENDANTS** breached the duty that they owed to **PLAINTIFF** in allowing a dangerous condition to be present and further, allowing that dangerous condition to cause her serious injuries.

14.     As a result of her slip and fall, **PLAINTIFF** sustained serious and permanent injuries as set forth more fully herein.

**WHEREFORE**, the **PLAINTIFF, SUSAN MARCERO**, demands judgment in her favor and against the Defendants in an amount in excess of that requiring compulsory arbitration under the applicable Statutes of the Commonwealth of Pennsylvania and the local rules of court.

## COUNT I - NEGLIGENCE

### SUSAN MARCERO v.  WAL-MART INC.  and WALMART STORE #2255

15.     The Plaintiff hereby incorporates by reference as fully as though the same were herein set forth at length all previous paragraphs of this Complaint.

16.     The **PLAINTIFF** was caused to slip and become injured as a result of the negligence and carelessness of the **DEFENDANTS**, which negligence and carelessness consisted of the following:

   a.  Failing to adequately maintain the subject property and aisles where **PLAINTIFF** and other patrons traverse in a safe condition;

   b.  Failing to keep the store aisles clear of dangerous and defective conditions with on its walking surfaces;

c.  Failing to provide sufficient rugs in the entryway vestibule, which it should have known would create hazardous conditions for its business invitees such as **PLAINTIFF**;

d.  Permitting the accumulation of water, and allowing the same to remain, on the entryway vestibule floor despite having an opportunity to rectify such a dangerous condition, by regularly maintaining said area;

e.  Permitting water to remain on the entryway vestibule floor where **PLAINTIFF** slipped and was injured despite actual and/or constructive notice of the dangerous condition;

f.  Failing to rectify the dangerous condition existing on the property, which caused the **PLAINTIFF** to slip and become injured, despite having actual and/or constructive notice of said dangerous condition;

g.  Failing to discover the dangerous condition existing on the property, which caused the **PLAINTIFF** to slip and become injured through routine observation and/or maintenance of the property;

h.  Failing to discover the dangerous condition existing on the property, which caused the **PLAINTIFF** to slip and become injured despite having employees in the immediate vicinity of the water and dangerous condition that existed;

i.  Failing to ensure that the property was safe for business invitees such as the **PLAINTIFF**;

j.  Failing to require and conduct adequate inspections, cleaning and maintenance of the property so as to prevent the dangerous condition which caused the **PLAINTIFF** to slip and become injured;

k.  Failing to require and establish adequate inspection, cleaning, risk management and maintenance policies and procedures so as to avoid the existence of the dangerous conditions on the property which caused **PLAINTIFF** to slip and become injured;

l.  Permitting the dangerous condition to exist on the property which caused **PLAINTIFF** to slip and become injured;

m. Failing to provide warnings to individuals such as Plaintiff of the existence of the dangerous condition existing on their property, which caused **PLAINTIFF** to slip and become injured;

n. Failing to take appropriate steps to fix and/or mitigate the risks that were known, or should have been known, with regards to the specific entryway vestibule and the cause of the dangerous condition that caused **PLAINTIFF** to slip and become injured;

o. Failing to mop and/or clean water from the entryway vestibule floor prior to **PLAINTIFF** slipping and becoming injured; and

p. Failing to put mats or other instruments such as moisture absorbers in place that could have prevented the dangerous condition which caused **PLAINTIFF** to slip and become injured.

17. As a result of the negligence and carelessness of **DEFENDANTS**, **PLAINTIFF** suffered severe and permanent injuries, including, but not limited to, the following:

a. Right hip pain;

b. Neck pain;

c. Dizziness;

d. Sacroiliac joint pain on both sides;

e. Cervical Sprain/strain;

f. Cervicalgia;

g. Segmental and somatic dysfunction of thoracic region;

h. Thoracic spasm;

i. Segmental and somatic dysfunction of sacral region;

j. Sacral pain;

k. Altered gait;

l.    Radiating pain, numbness, tingling and related symptomatology down lower extremities;

m.    Lower extremity injury and pain;

n.    Bruising and contusions;

o.    Physical pain and suffering;

p.    Limitations of social, recreational and vocational abilities;

q.    Decreased range of motion of lower extremities;

r.    Limitation on ability to ambulate;

s.    Sleeplessness;

t.    Emotional distress; and

u.    General loss of well-being.

18.    As a further result of the carelessness and negligence of **DEFENDANTS**, **PLAINTIFF**, was rendered sick, sore and disabled and sustained physical and mental pain, suffering and anguish, all of which have required medical care and treatment and which may require such care and treatment for an indefinite period of time into the future.

19.    As a further result of her injury, **PLAINTIFF** has suffered physical and mental pain, discomfort and anxiety and has been informed and therefore avers that her injuries are of a continuing and permanent nature and that she will therefore continue to suffer into the future requiring additional care and treatment.

20.    As a further result of the injuries sustained by **PLAINTIFF,** she has been obligated to receive and undergo medical care and treatment and to incur various expenses and

she will be obligated to expend such sums and incur such expenses for an indefinite period of time into the future.

21.     As a further result of her injuries, **PLAINTIFF** has suffered and sustained and is continuing to sustain a loss of everyday pleasures and enjoyments of her life.

22.     As a further result of her injuries, **PLAINTIFF** sustained a loss of earnings and earning capacity and may continue to sustain such a loss of earnings and earning capacity in the future.

**WHEREFORE**, the **PLAINTIFF**, **SUSAN MARCERO**, demands judgment in her favor and against the Defendants in an amount in excess of that requiring compulsory arbitration under the applicable Statutes of the Commonwealth of Pennsylvania and the local rules of court.


Respectfully Submitted,

**FRANCIS LAW**


Date: April 13, 2022            Signature:_____

Christian W. Francis, Esq.
FRANCIS LAW
600 Jefferson Ave.
Scranton, PA 18510
(570) 871-0558
*Counsel for Plaintiff*

**FRANCIS LAW**
Christian W. Francis, Esquire
PA ID #316620
600 Jefferson Ave.
Scranton, Pennsylvania 18510
Cwf@570Law.com
570-871-0558

| | |
|---|---|
| SUSAN MARCERO<br><br>                    Plaintiff,<br><br>v.<br><br>WALMART INC.<br><br>and<br><br>WALMART STORE #2255<br><br>                    Defendants. | **IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY**<br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED<br><br>NO. 2021-CV-12154 |

## <u>CERTIFICATE OF SERVICE</u>

I, Christian W. Francis, Esquire, do hereby certify that a true and correct copy of the foregoing *Complaint* has been served via email upon the following parties:

Ryan C. Blazure, Esq.
Thomas, Thomas & Hafer, LLP
rblazure@tthlaw.com
*Attorney for Defendants, Wal-Mart Inc. And Walmart Store #2255*

Respectfully Submitted,

**FRANCIS LAW**

Date: April 13, 2022                Signature:_____

Christian W. Francis, Esq.
FRANCIS LAW

600 Jefferson Ave.
Scranton, PA 18510
(570) 871-0558
*Counsel for Plaintiff, Susan Marcero*

**FRANCIS LAW**
Christian W. Francis, Esquire
PA ID #316620
600 Jefferson Ave.
Scranton, Pennsylvania 18510
Cwf@570Law.com
570-871-0558

| | |
|---|---|
| SUSAN MARCERO<br><br>                    Plaintiff,<br><br>v.<br><br>WALMART INC.<br><br>and<br><br>WALMART STORE #2255<br><br>                    Defendants. | **IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY**<br><br><br>CIVIL ACTION - LAW<br><br><br>JURY TRIAL DEMANDED<br><br><br>NO. 2021-CV-12154 |

## ATTORNEY VERIFICATION

I, CHRISTIAN W. FRANCIS, ESQ., hereby state that the facts above set forth are true and correct to the best of my knowledge, information and belief and that I expect to be able to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. §  4904 relating to unsworn falsification to authorities.

Respectfully Submitted,

**FRANCIS LAW**

Date: April 13, 2022          Signature:_____

Christian W. Francis, Esq.
FRANCIS LAW
600 Jefferson Ave.

Scranton, PA 18510
(570) 871-0558
*Counsel for Plaintiff, Susan Marcero*